UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW-JOSEPH CREHAN,

    Plaintiff,                              Hon. Janet T. Neff

v.                                              Case No. 1:13-CV-657

MAIDEN LANE LLC, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Maiden Lane Defendants' Motion to Dismiss</u>, (dkt. #9) and Plaintiff's <u>Motion to Remand</u>, (dkt. #11). In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for resolution of dispositive motions,[1] the undersigned recommends that Plaintiff's motion to remand be **denied**, Defendants' motion to dismiss be **granted**, Plaintiff's claims against the yet unserved Defendants be dismissed, and this matter **terminated**.

## BACKGROUND

The present matter constitutes the second legal action Plaintiff has initiated in this Court in an attempt to set aside the foreclosure and subsequent sale of real property located at 1104 Englewood Avenue, Norton Shores, Michigan (hereinafter "the subject property"). Plaintiff initiated the present action against the following entities and individuals: (1) Maiden Lane LLC; (2) Maiden Lane II LLC;

---

[1] The Sixth Circuit has held that motions to remand are "dispositive" and, therefore "can only be entered by district courts." *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 517 (6th Cir. 2001).

(3) Maiden Lane III LLC; (4) Federal Home Loan Mortgage Corporation; and (5) John Does 1-99. (Dkt. #1, Exhibit A). The following allegations are contained in Plaintiff's complaint and the attachments thereto.

On May 16, 2008, Dan Hoffman and Sheila Espinoza executed a mortgage and promissory note regarding the subject property in favor of Countrywide Bank. On January 15, 2010, Hoffman filed for Chapter 7 bankruptcy. On May 18, 2010, Hoffman received a discharge from the bankruptcy court. On July 14, 2010, foreclosure by advertisement proceedings were commenced against the subject property. At the time foreclosure proceedings commenced, the promissory note and mortgage were "separated" with the Maiden Lane entities holding the note and the Federal Home Loan Mortgage Corporation holding the mortgage. On August 20, 2010, Plaintiff purchased the property from Hoffman and Espinoza, pursuant to a quit claim deed,[2] for an amount "less than One Hundred Dollars." While the subject property was subsequently sold at a Sheriff's sale to the Federal Home Loan Mortgage Corporation,[3] Plaintiff alleges that the Sheriff's sale was null and void because the mortgage and note were "separated" at the time of the sale.

On June 13, 2011, Plaintiff initiated an action in this Court against Countrywide Bank, Bank of America, BAC Homes Loans Servicing, and the Federal Home Loan Mortgage Corporation. *Crehan v. Coutrywide Bank, et al.*, Case No. 1:11-cv-613 (W.D. Mich.). Plaintiff alleged violations of the Home Ownership Equity Protection Act (HOEPA), Real Estate Settlement Procedures Act (RESPA), Truth in Lending Act (TILA), Fair Credit Reporting Act (FCRA), and Racketeer Influenced and Corrupt

---

[2] A quit claim deed merely transfers to the purchaser the interest (if any) the grantor may have in the property. *See Muskegon County Road Commission v. Premo*, 2008 WL 4891551 at *2 (Mich. Ct. App., Nov. 13, 2008). On the other hand, when property is transferred pursuant to a warranty deed, the grantor makes certain "covenants of title" to the purchaser, including that the grantor owns the property and possesses the right to convey such. *See Yazan's Service Plaza LLC v. City of Hamtramck*, 2011 WL 6378816 at *5 *Mich. Ct. App., Dec. 20, 2011).

[3] The evidence submitted by Defendants indicates that the Sheriff's sale was conducted on December 10, 2010. (Dkt. #9, Exhibit C).

Organizations Act (RICO), as well as numerous state law claims, including a claim to quiet title. Plaintiff's claims were later dismissed for failure to state a claim on which relief may be granted. *Crehan v. Coutrywide Bank, et al.*, Case No. 1:11-cv-613, dkt. #19, 25-26 (W.D. Mich.).

On April 17, 2013, the Federal Home Loan Mortgage Corporation secured from a state court an Order of Eviction against Plaintiff, Dan Hoffman, and Sheila Espinoza. (Dkt. #9, Exhibit C). The trio was ordered to vacate the subject property so that the Federal Home Loan Mortgage Corporation could secure "full possession of the premises." (Dkt. #9, Exhibit C). On April 29, 2013, Plaintiff initiated the present action in state court. (Dkt. #1, Exhibit A). The Maiden Lane entities were served with the complaint on May 20, 2013, and timely removed the matter to this Court. Plaintiff has yet to effect service on Defendants Federal Home Loan Mortgage Corporation and John Does 1-99. Presently before the Court are: (1) Plaintiff's motion to remand and (2) the motion to dismiss filed by the Maiden Lane defendants.

**I.      Motion to Remand**

The Maiden Land defendants[4] timely removed the matter to this Court on the basis of federal question jurisdiction. (Dkt. #1). Specifically, Defendants assert that Plaintiff's cause of action arises under Section 25(B) of the Federal Reserve Act, 12 U.S.C. § 632 which provides in relevant part:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any Federal Reserve bank which is a defendant in any such suit may, at any time before the trial thereof, remove such suit from

---

[4] Because the Maiden Lane defendants were (and still are) the only defendants on which service has been effected, agreement by the other defendants to remove the matter to federal court was not required. *See, e.g., Ordway v. Bank of America, N.A.*, 2013 WL 5551083 at *1 (E.D. Mich., Oct. 8, 2013) ("in order for notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal").

>   a State court into the district court of the United States for the proper
>   district by following the procedure for the removal of causes otherwise
>   provided by law. No attachment or execution shall be issued against any
>   Federal Reserve bank or its property before final judgment in any suit,
>   action, or proceeding in any State, county, municipal, or United States
>   court.

12 U.S.C. § 632.

Plaintiff seeks to remand the matter to state court on the grounds that this case "is a quiet title action" brought pursuant to Michigan law and, moreover, that "no part of this complaint" arises under federal law. The Court disagrees and concludes that the Maiden Lane defendants are entitled to have this matter heard in a federal forum.

The Maiden Lane entities were created by the Federal Reserve Bank of New York in 2008 as part of efforts to "stabilize the broader economy. . .and to prevent the collapse of American International Group (AIG)." (Dkt. #16, Heller Declaration). The Maiden Lane entities "do not have offices or employees," but are instead mere corporate entities created to facilitate the efforts undertaken by the Federal Reserve Bank of New York to respond to financial circumstances and stabilize the economy. (Dkt. #16, Heller Declaration). The Federal Reserve Bank of New York is the managing member of the Maiden Lane entities and is responsible for their operations. (Dkt. #16, Heller Declaration). Thus, while Plaintiff has named the Maiden Lane entities as defendants, the Federal Reserve Bank of New York is the real party in interest with respect to the claims asserted against the Maiden Lane defendants.

As Defendants correctly assert, § 632 was enacted to provide a federal forum to the Federal Reserve bank whenever its interests are implicated. *See, e.g., Federal Reserve Bank of Boston v. Commissioner of Corporations and Taxation of the Commonwealth of Massachusetts*, 499 F.2d 60, 62 (1st Cir. 1974) ("12 U.S.C. § 632 reflects a congressional policy to have any litigation affecting the

Federal Reserve System centered in a federal forum to promote uniformity of decision"); *City and County of San Francisco v. Assessment Appeals Board for the City and County of San Francisco*, 122 F.3d 1274, 1276 (9th Cir. 1997) ("[b]y enacting section 632, Congress has made it plain by express statute that a federal reserve bank is to have unrestricted access to the district courts"); *Federal Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1242 (11th Cir. 2000) ("it is clear that section 632 was intended. . .to restore and codify the earlier understanding that all actions in which a Federal Reserve Bank is a party come within the district courts' original jurisdiction").

The Court concludes, therefore, that removal of this matter by the Maiden Lane defendants was appropriate. Accordingly, the undersigned recommends that Plaintiff's motion to remand be denied.

**II.        Motion to Dismiss**

The Maiden Lane defendants move to dismiss Plaintiff's claims on the ground that such fail to state a claim on which relief may be granted. A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion");

*Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

Plaintiff seeks "to quiet title against defendants" concerning the subject property. Actions to quiet title under Michigan law are governed by Mich. Comp. Laws § 600.2932 which provides, in relevant part, that "[a]ny person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not." Mich. Comp. Laws § 600.2932(1). A plaintiff in an action to quiet title to land bears the burden to make out a prima facie case that he has a superior claim to the land in question. *See Stern v. Marjeh*, 2011 WL 1140129 at *1 (Mich. Ct. App., Mar. 29, 2011); Michigan Court Rule 3.411(B)(2) (in a complaint to quiet title the plaintiff "must allege," in part, the facts establishing the superiority of the his claim). Moreover, a plaintiff cannot satisfy this requirement "by merely relying on the weakness of a defendant's title." *Stern*, 2011 WL 1140129 at *1.

The basis of Plaintiff's claim is his allegation that when foreclosure proceedings were initiated regarding the property in question the mortgage and promissory note were "separated," the former being held by the Federal Home Loan Mortgage Corporation and the latter being held by the Maiden Lane defendants. According to Plaintiff, this circumstance rendered the mortgage "a nullity" thereby rendering the subsequent foreclosure sale invalid and his prior purchase superior. This theory has been soundly rejected. *See, e.g., Laues v. Bank of America, N.A.*, 2013 WL 5651431 at *2 (E.D. Mich., Oct. 15, 2013) ("[i]t is clearly established under Michigan property law that an owner of an interest in indebtedness need not own an interest in the security lien dependent on that indebtedness").

Because Plaintiff has failed to allege facts demonstrating the superiority of his claim to the property in question, the undersigned recommends that Plaintiff's quiet title claim be dismissed for failure to state a claim on which relief may be granted.

**III.     Unserved Defendants**

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff initiated this action on April 29, 2013, and was issued a summons the same day. (Dkt. #1, Exhibit A). Service was effected on the Maiden Lane defendants on May 20, 2013. (Dkt. #1, Exhibit B). Plaintiff has yet to effect service on the Federal Home Loan Mortgage Corporation or John Does 1-99. On October 18, 2013, the Court issued to Plaintiff a Notice of Impending Dismissal instructing Plaintiff that "the action shall be dismissed without prejudice as to Federal Home Loan Mortgage Corporation and John Does 1-99, unless plaintiff completes service of process within 120 days after the filing of the complaint." (Dkt. #22). Plaintiff was further instructed, however, that "if more than 120 days are necessary for service of process," he must "execute a verified petition" articulating the reasons why the case should not be dismissed for failure to timely effect service. (Dkt. #22). Plaintiff was ordered to comply with this Order no later than November 1, 2013. (Dkt. #22).

On November 1, 2013, Plaintiff requested additional time to comply with the Court's Order. (Dkt. #23). Plaintiff asserted that he was too busy with other litigation matters to timely comply with the Court's Order. (Dkt. #23). The Court granted Plaintiff's request, affording him until December 2, 2013, to comply with the Court's Order. (Dkt. #23). On December 2, 2013, Plaintiff again requested additional time to comply with the Court's Order. (Dkt. #25). Plaintiff again asserted that he was simply too busy with other litigation matters to timely comply with the Court's Order. (Dkt. #25). Despite Plaintiff's failure to demonstrate good cause to again extend the relevant deadline, the Court granted Plaintiff's request and accepted for filing his December 9, 2013 response to the Court's Order. (Dkt. #27).

In his response, Plaintiff concedes that his failure to effect service on the Federal Home Loan Mortgage Corporation and John Does 1-99 was the result of his inaction rather than any action or circumstance beyond his control. The Court further notes that Plaintiff's claims against the Federal Home Loan Mortgage Corporation and John Does 1-99 are futile.

In the present action, Plaintiff seeks "to quiet title against defendants" concerning the property in question. However, Plaintiff has previously asserted this cause of action. *Crehan v. Countrywide Bank, FSB, et al.*, Case No. 1:11-cv-613 (W.D. Mich.). In that case, Plaintiff asserted a quiet title claim against the Federal Home Loan Mortgage Corporation. That particular claim was dismissed for failure to state a claim on which relief may be granted. *Crehan v. Countrywide Bank, FSB, et al.*, Case No. 1:11-cv-613, Docket # 19, 25-26 (W.D. Mich.). Plaintiff's quiet title claim asserted in the present action against the Federal Home Loan Mortgage Corporation is, therefore, precluded by the doctrine of collateral estoppel. *See Tenenbaum v. United States Department of Defense*, 2010 WL 5230875 at *2 (6th Cir., Dec. 20, 2010). As for Plaintiff's present claims against

John Does 1-99, such appear to be equally futile as Plaintiff has failed to assert in his complaint any factual allegations against John Does 1-99.

Considering Plaintiff's lack of diligence, and the futility of the claims in question, the undersigned recommends that Plaintiff's claims against Federal Home Loan Mortgage Corporation and John Does 1-99 be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Maiden Lane Defendants' Motion to Dismiss, (dkt. #9), be **granted**; Plaintiff's Motion to Remand, (dkt. #11), be **denied**; and Plaintiff's claims against Federal Home Loan Mortgage Corporation and John Does 1-99 be **dismissed** for failure to timely effect service; and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 17, 2013  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge